IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY VONDERSAAR, | No. C 13-80061 SI |
| Plaintiff, | **ORDER DENYING MOTION TO QUASH SUBPOENAS** |
| v. | |
| STARBUCKS CORP., and DOES 1-10, | |
| Defendants. | |

Currently before the Court is defendant Starbucks Corp.'s motion to quash three subpoenas issued by plaintiff Vondersaar, seeking documents and deposition testimony from third parties. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for May 10, 2013. Having considered the papers of the parties, and for good cause appearing, the Court DENIES defendant's motion, for the reasons set forth below.

**BACKGROUND**

On May 10, 2012, Vondersaar filed a putative class action against Starbucks, alleging that the height of the hand-off counters at certain Starbucks stores in California violated the Americans with Disabilities Act ("ADA"). This case is currently pending in the Central District of California, Case No. CV 12-5027 DDP.

Previously, in 2003, attorneys from Disability Rights Advocates ("DRA") made substantially similar allegations about the height of California Starbucks hand-off counters, and threatened to bring a lawsuit. As a result, the parties entered into settlement talks and eventually reached a settlement

agreement. Vondersaar believes that this settlement agreement included promises to change the height of the hand-off counters at some, but not all, Starbucks stores in California.

On January 15, 2013, Vondersaar issued subpoenas to DRA and one of its attorneys, Larry Paradis. The document subpoenas requested "[a]ll documents regarding litigation or contemplated litigation with Starbucks Corporation, including . . . settlement agreements," and the deposition subpoena requested testimony regarding "[a]ll matters you have been involved in that concerned the height of counters at Starbucks locations." Decl. of Michael J. Chilleen in Supp. of Def.'s Mot. to Dismiss, Exs. B-D. Three days later, Starbucks was served notice of the third-party subpoenas. *Id.*, Ex. H. On January 30, 2013, Paradis and DRA filed their objections to the subpoenas. *Id.*, Ex. E. The deadline for document production was set for February 1, 2013.

In this Court, Starbucks brought an action to quash the subpoenas, arguing that they were improperly noticed and seek information protected under a "settlement privilege."

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 45(a)(1)(c), any party may serve a subpoena commanding a non-party "to produce documents, electronically stored information, or tangible things . . . ." Fed. R. Civ. P. 45(a)(1)(C). The subpoena is subject to the relevance requirements set forth in Rule 26(b). Thus, the subpoena may command the production of documents which are "not privileged" and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Relevance has been broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *See Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Upon a timely motion, a court must quash a subpoena if it determines that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). A party challenging a subpoena by claiming a privilege must sufficiently describe the withheld material so that the parties can assess the claim. Fed. R. Civ. P. 45(d)(2). The party moving to quash a subpoena bears the burden of persuasion. *Green v. Baca*, 226 F.R.D. 624, 653 (C.D. Cal. 2005).

2

**DISCUSSION**

**1.     Proper Notice of Subpoenas**

Starbucks first contends that it was not properly given notice of the subpoenas, and that they therefore must be quashed.

Rule 45(b)(1) requires that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things, or inspection of premises before trial, then *before it is served*, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1) (emphasis added); *see also* Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment ("The purpose of such [prior] notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things.").

Here, Vondersaar failed to serve a notice of the subpoenas on defendant Starbucks *prior* to serving the subpoenas on Paradis and DRA. Instead, plaintiff served the requisite notice three days later. This violates the plain language of Rule 45(b)(1), which requires prior notice of any subpoena requiring documents.

"Courts generally respond to Rule 45(b)(1) violations by striking the subpoenas, or allowing opposing counsel an opportunity to object." *McCurdy v. Wedgewood Capital Mgmt. Co., Inc.*, CIV. A. 97-4304, 1998 WL 964185, at *7 (E.D. Pa. Nov. 16, 1998) (citations omitted). However, "when opposing counsel have notice and sufficient time to object, they are not prejudiced by a violation of Rule 45 notice requirement." *Id.* (citations omitted). In *McCurdy*, the court found that defendants had not been prejudiced by the violation of Rule 45(b)(1)'s prior notice requirement, as they had independently learned of the subpoenas soon after they were issued, and conceded that no harm had resulted. *Id.* at *7-8; see also Biocore Med. Technologies, Inc. v. Khosrowshahi*, 181 F.R.D. 660 (D. Kan. 1998) *on reconsideration*, CIV.A. 98-2031-KHV, 1998 WL 919126 (D. Kan. Nov. 6, 1998) and *aff'd sub nom. Butler v. Biocore Med. Technologies, Inc.*, 348 F.3d 1163 (10th Cir. 2003) (finding that plaintiffs' receipt of notice allowing them 10 days to object to the subpoena was sufficient).

The Court finds that Starbucks has suffered no prejudice from the violation of Rule 45(b)(1). It was served notice of the subpoenas only a few days after the service of the subpoenas on the third parties. The production date was set for February 1, 2013, allowing defendants ample time to object

3

1 to the subpoena. Moreover, Paradis and DRA filed their own objection, so no harm occurred from the
2 delay of the notice.

3 Accordingly, the Court declines to quash the subpoena on the grounds that it violated Rule
4 45(b)(1)'s prior notice requirement.

**2.     "Settlement Privilege"**

Second, Starbucks contends that the subpoenas must be quashed because they seek information protected by a "settlement privilege." Starbucks argues that Rule 501 and the public policy favoring settlement have caused courts to find that settlement communications are confidential and therefore privileged. *See, e.g.*, *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 981 (6th Cir. 2003) (focusing on "public policy favoring secret negotiations . . . to conclude that a settlement privilege should exist"); *Cook v. Yellow Freight Sys., Inc.*, 132 F.R.D. 548, 554 (E.D. Cal. 1990) (finding a settlement privilege because of public policy concerns and the "puffing and posturing" and lack of truthfulness in settlement talks). However, the Ninth Circuit has not ruled on the issue of a settlement privilege.

Other courts, including courts in this district, have held that there is no federal privilege preventing the discovery of settlement discussions. *See, e.g.*, *In re MSTG, Inc.*, 2012 U.S. App. LEXIS 7092 (Fed. Cir. Apr. 9, 2012); *Phoenix Solutions Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 583-85 (N.D. Cal. 2008); *Bd. of Trustees of Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 521, 523 (C.D. Cal. 2008); *Matsushita Elec. Indus. Co., Ltd. v. Mediatek, Inc.*, 2007 WL 963975, *2-4 (N.D. Cal. 2007).

Federal Rule of Evidence 408 provides that evidence of conduct or statements made during settlement negotiations is "not admissible" when offered to prove liability; but such evidence maybe admitted when offered for other purposes, such as proving a witness's bias or prejudice. *See Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1161 (9th Cir. 2007). Thus, it is "plain that Congress chose to promote this goal  [in Rule 408 to promote settlements] through limits on the *admissibility* of settlement material rather than limits on their *discoverability*. In fact, the Rule on its face contemplates that settlement documents may be used for several purposes at trial, making it unlikely that Congress

4

anticipated that discovery into such documents would be impermissible." *In re Subpoena Issued to Commodity Futures Trading Commission*, 370 F. Supp.2d 201, 211 (D.D.C. 2005) (emphasis in original). Moreover, the Advisory Committee Notes to Rule 408 contemplate the discovery of settlement materials, and warn against using admissibility to prevent discovery: "evidence, such as documents, is not rendered inadmissible merely because it is presented in the course of compromise negotiations if the evidence is otherwise discoverable. A party should not be able to immunize from admissibility documents otherwise discoverable merely by offering them in a compromise negotiation." Fed. R. Evid. 408, advisory committee's note.

This Court is not persuaded that the public policy favoring settlements and the potential unreliability of statements at settlements is enough to create a federal settlement privilege. Congress struck its desired balance between encouraging settlements but allowing access to evidence in Rule 408 when it barred admissibility of settlement information to prove liability, but allowed it to prove other disputed facts. Moreover, the unreliability of evidence from settlement materials is more properly an admissibility or jury issue, not as a bar to discovery. The Ninth Circuit favors broad discovery, and settlement material may reasonably lead to persuasive or relevant evidence.[1]

### 3. Relevance

Finally, Starbucks argues that the material that Vondersaar seeks is not relevant. It also argues that Vondersaar should be required to make a "particularized showing" that admissible evidence will be generated, because of public policy and the sensitive nature of settlement materials, citing *Bottaro v. Hatton Associates*, 96 F.R.D. 158, 160 (E.D. N.Y. 1982).

In the Ninth Circuit, broad discovery is favored because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir.1995). "Relevancy for discovery is flexible and has a broader meaning than admissibility at trial." *Phoenix Solutions Inc.*, 254 F.R.D. at 582–83 (quoting *Eggleston v. Chicago*

---

[1] This order deals only with Starbucks' motion to quash the third-party subpoenas. This order does not consider or decide any issues which may be raised by DRA or Larry Paradis in their responses to the subpoenas. Those matters appear to be pending before Judge Pregerson in the Central District.

*Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 903 (7th Cir.1981)). Thus, the relevancy standard for the purpose of discovery should not be conflated with the relevancy standard for admissibility at trial. *See Barnes & Noble, Inc. v. LSI Corp.*, C 11-02709 EMC LB, 2012 WL 1564734, at *5 (N.D. Cal. May 2, 2012).

Vondersaar argues that it does not seek settlement material to prove liability, but contends that the discovery material may be admissible to prove other disputed facts. For example, evidence that Starbucks had remodeled some stores could be admissible to rebut an affirmative defense that it is not feasible for the hand-off counters to be ADA compliant, and evidence of the settlement can show Starbucks's prior notice of violations. *See* Decl. of Shawn C. Westrick in Opp'n to Def.'s Mot., Ex. B ("Answer") ¶¶ 5-8 (citing as affirmative defenses, *inter alia*, that removal of the architectural barriers was not readily achievable, full compliance is structurally impracticable, alterations were made to ensure that the facility would be readily accessible to the maximum extent feasible, and the cost and scope of alterations is disproportionate to the overall cost). It thus appears at this juncture that the subpoenaed material may be relevant to claims and defenses in the action, or reasonably calculated to lead to the discovery of admissible evidence. *See also Phoenix Solutions Inc.*, 254 F.R.D. at 582 (finding the settlement material relevant because the third-party negotiations could help the movant formulate an appropriate litigation strategy).

## CONCLUSION

Accordingly, defendant's motion to quash plaintiff's third-party subpoenas is DENIED. However, at Starbucks' request the Court also ORDERS that all documents and testimony produced pursuant to the subpoenas be designated as "Confidential" pursuant to the protective order in place between the parties in the underlying lawsuit, until further orders from that court.

**IT IS SO ORDERED.**

Dated: May 8, 2013

SUSAN ILLSTON
United States District Judge

6